UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Melissa Pound f/k/a Melissa Brunstetter<br><br>Plaintiffs,<br>v.<br><br>Mercantile Adjustment Bureau, LLC and Stan Wesloski<br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

4. Plaintiff Melissa Pound f/k/a Melissa Brunstetter is a natural person who resides in the City of Easton, County of Northampton, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC (hereinafter "Defendant" or "MAB"), is upon information or belief is a limited liability company with an address of 6390 Main Street, Williamsville, New York 14221.

6. At all times relevant to this Complaint, Defendant MAB transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agencies and as a "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Stan Wesloski (hereinafter "Defendant" or "Wesloski") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff Melissa Pound allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5). Said debt allegedly arose from an MBNA credit card debt.

9. Pound allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

10. Pound's account was assigned, sold or otherwise transferred to Defendant MAB for collection.

11. In or around September 2007, Defendants began contacting Pound's residence in an attempt to coerce payment of the alleged debt.

12. On or about September 5, 2007, Defendant MAB placed a call to Pound's residence by and through its agent/employee Wesloski. During the call Wesloski stated, his name as Stan Wesloski and that he was calling from Arbitration regarding Pound's bankruptcy.

He then stated that there had been an arbitration case filed against Pound and provided Pound with the "arbitration case number 8627803-ARB." Wesloski then advised Pound that if the matter was not resolved immediately the arbitration would result in a judgment entered against Pound. Defendants' call violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), ,1692e(11), and 1692f amongst others.

13. On or about September 6, 2007, Pound called Defendants in order to discuss the alleged debt. During her call she spoke with an unidentified individual who simply advised Pound that the alleged debt arose from an MBNA credit card and instructed Pound to call back at another time to speak with Wesloski.

14. On or about September 7, 2007, Pound again contacted Defendants to discuss the allged debt. Pound was connected with Wesloski who again advised Pound that an arbitration suit was filed against her. Wesloski also stated that he was suing Pound for $9,848.78 and that the suit was being handled by Defendant's attorneys, Pallimo and Associates. Defendants' statements violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), ,1692e(11), and 1692f amongst others.

15. As a direct and proximate result of Defendants' illegal collection tactics and harassing and oppressive behavior Plaintiff has sustained actual damages in the form of increased anxiety, stress, and fear.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

### 73 P.S. § 2270.1 et. seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

### PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

22. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

23. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

24. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

    (c) Making false or deceptive statements concerning the character, amount or legal status of a debt;

    (d) Threatening to take action that cannot legally be taken or that is not intended to be taken;

    (e) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

    (f) Failing to provide a consumer with notice that the communication is an attempt to collect a debt; and

    (g) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

25. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiffs to pay the debt.

26. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

### 73 P.S. § 2270.1 et. seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

- for an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs' in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a)

Respectfully submitted,
**RAPA LAW OFFICE, P.C.**

Dated: October 9, 2007

By: _____s/JR1052_____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Melissa Pound f/k/a Melissa Brunstetter, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Melissa Pound*
Melissa Pound f/k/a Melissa Brunstette r